# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW HOFFSWELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 8786 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Matthew Hoffswell brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying his application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

## Background

Plaintiff filed an application for disability benefits on April 10, 2014, alleging a disability onset date of November 15, 2012. (R. 98, 101.) Plaintiff's application was denied initially on July 1, 2014, and on reconsideration on February 24, 2015. (R. 98, 128.) An Administrative Law Judge ("ALJ") held a hearing on plaintiff's application on August 25, 2016. (*See* R. 33-75.) On January 11, 2017, the ALJ denied plaintiff's application. (*See* R. 18-27.) The Appeals Council denied plaintiff's request for review (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the SSA to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 20.) At step two, the ALJ determined that plaintiff has the severe impairment of bipolar disorder. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id.*) At step four, the ALJ found that plaintiff cannot perform his past relevant work but has the residual functional capacity ("RFC") to perform "simple work of a routine and repetitive type involving only occasional brief and superficial contact with co-workers and supervisors and incidental contact with the general public." (R. 22, 26.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform and thus he is not disabled. (R. 26-27.)

Plaintiff argues that the ALJ wrongly rejected the opinion of his treating psychiatrist, Dr. Khaja, in favor of the opinion of a non-examining expert, Dr. O'Brien. The ALJ was required to give controlling weight to Dr. Khaja's opinion if it "[was] well-supported by medically acceptable clinical and laboratory diagnostic techniques and [was] not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). If the ALJ did not give Dr. Khaja's opinion controlling weight, the regulations required him "to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion" in assessing the doctor's opinion. *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c).

Dr. Khaja said that plaintiff "remains stable on medications; and "without regular medication regime [he] is at risk of decompensation." (R. 678.) He also said that, because of plaintiff's impairment, he would be unable for ten percent of workday to: (1) understand,

3

remember, and carry out short and simple instructions; (2) sustain an ordinary routine without special supervision; (3) ask simple questions or ask for assistance; (4) take appropriate precautions for normal hazards; and (5) travel in unfamiliar places. (R. 679-80.) He also said that plaintiff would likely be off task thirty percent or more of a workday and "would be inhibited from undo chaos or interpersonal conflict from a coworker and supervisors and may become easily agitated if his routine was changed." (R. 680.) Finally, it was Dr. Khaja's opinion that plaintiff's impairments make him unable to obtain and keep a job in a competitive work environment. (R. 681.)

The ALJ gave "little weight" to Dr. Khaja's opinion because "it is . . . internally inconsistent and not well supported by the record":

> . . . . While Dr. Khaja reported that the claimant has a Global Assessment of Functioning score of 55, remains stable on his medication regimen, and would only be at risk without medication, he then opined that the claimant would be off task for 30% of the workday and would likely miss 3 days of work per month. However, Dr. Khaja did not provide a clinical explanation based on examination findings, which would support his opinion in this regard. Although he checked off "items" upon which he based his opinion, Dr. Khaja did not specify what evidence within claimant's history . . . he used to formulate his conclusions. . . .

(R. 25.)

The ALJ does not explain, however, how a Global Assessment of Functioning ("GAF")[1] score of 55, which indicates "moderate symptoms or moderate difficulty with social and occupational functioning," *Bartrom v. Apfel*, 234 F.3d 1272, 2000 WL at 1312777, *1 n.3 (7th Cir. 2000) (unpublished), is inconsistent with Dr. Khaja's conclusions about the amount of time that plaintiff would be off task during a workday. Moreover, the doctor can hardly be faulted for "checking off 'items'" or identifying by category the evidence that supports his opinion when the

---

[1] "The GAF scale is a hypothetical continuum of mental health-illness used to determine psychological, social, and occupational functioning." *Bartrom v. Apfel*, 234 F.3d 1272, 2000 WL at 1312777, *1 n.3 (7th Cir. 2000) (unpublished) (quotation omitted).

4

Mental Residual Functional Capacity form he completed requires him to do just that. (*See* R. 678-80.) In any event, the cure for these perceived ambiguities was for the ALJ to seek clarification from Dr. Khaja, not to reject his opinion out of hand. *See Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004) (stating that "[a]n ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable" and should "recontact [a] doctor for clarification [of an opinion] if necessary"); *Norris v. Astrue*, 776 F. Supp. 2d 616, 631 (N.D. Ill. 2011) ("[A]n ALJ needs to obtain additional evidence or clarification when the medical source's report contains a conflict or ambiguity that must be resolved."). Moreover, the ALJ rejected Dr. Khaja's opinion without giving any consideration to the regulatory factors. *See* 20 C.F.R. § 404.1527(c). Had the ALJ acknowledged that Dr. Khaja is a psychiatric specialist and based his opinion on monthly examinations of plaintiff over a three-year period, he may well have accorded it more weight. The ALJ's failure to properly assess Dr. Khaja's opinion requires a remand.

On remand, the ALJ must also reconsider the opinion of plaintiff's treating therapist, Ms. Wold. In one part of her report, Ms. Wold opined that plaintiff has marked restrictions in activities of daily living, maintaining social functioning, and maintaining concentration, persistence or pace. (R. 676.) In another part, she said the marked restrictions were only in the first two categories. (R. 674-75.) Once again, instead of seeking clarification of the opinion, the ALJ improperly used this ambiguity as a reason to reject Ms. Wold's opinion. (*See* R. 24-25.)

The ALJ's contention that Ms. Wold's opinion is unsupported by the record is equally unsound. (R. 24.) The bulk of the record is Ms. Wold's treatment notes, which are replete with references to plaintiff's tangential thought processes, cognitive impairments, irritability, and poor insight into his illness. (R. 400, 404, 408, 414, 419-20, 424, 428, 430, 432, 440, 446, 448, 454,

470, 474, 476, 479, 482, 485, 495, 499, 504, 577, 580-82, 589, 594-95, 601, 604, 628, 696-97, 701.) The ALJ did not acknowledge this evidence or the fact that it was generated over more than two years by a therapist who treated plaintiff while he was regularly taking medication. Had the ALJ done so, as the regulations required, *see* 20 C.F.R. §§ 404.1502, 404.1513(a), (d)(1), 404.1527(c)(1)-(6) (eff. to Mar. 26, 2017) (the opinions of therapists, who are not acceptable medical sources, must be assessed using the same factors applicable to the opinions of physicians and other acceptable medical sources), he may have given Ms. Wold's opinions more weight. In short, the ALJ must revisit Ms. Wold's opinion on remand as well.[2]

**Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [10], denies the SSA's motion for summary judgment [21], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                    **ENTERED:   August 22, 2018**

**M. David Weisman**
**United States Magistrate Judge**

---

[2] Plaintiff also challenges the ALJ's RFC determination and symptom evaluation. (*See* Mem. Supp. Mot. Summ. J., ECF 11 at 11-14.) Because these issues are intertwined with the assessment of the medical evidence, they must be revisited on remand as well.